IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOUGLAS ARTHUR BENSON | § | |
| | § | |
| VS. | § | C.A. NO. _____ |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY; ORACLE | § | |
| CORPORATION; and ORACLE | § | |
| CORPORATION'S LONG TERM | § | |
| DISABILITY PLAN 505 | § | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. This is an action by DOUGLAS ARTHUR BENSON ("Benson"), Plaintiff, to protect and enforce his contractual right to disability insurance benefits.

## I.
## PARTIES

2. Plaintiff, Douglas Arthur Benson, is a resident of Houston, Harris County, Texas.

3. Defendant, Hartford Life and Accident Insurance Company ("Hartford"), is a domestic or foreign corporation engaged in the business of insurance in the State of Texas, and whose principal place is business is Simsbury, Connecticut. It may be served with process by serving its registered agent for service of process, Corporation Service Company, 701 Brazos St., Suite 750, Austin, TX 78701-3232, or the Texas Secretary of State, Corporations Section, 1019 Brazos, Austin, TX 78701, or wherever it may be found.

4. Defendant, Oracle Corporation ("Oracle"), is a domestic or foreign corporation doing business in the State of Texas, and may be served with process by serving its

        registered agent, Corporation Service Company, doing business in California as CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Dr. Ste 100, Sacramento CA 95833, or the California Secretary of State, Corporations Section 1500, 11th St., Sacramento, CA 95814, or wherever it may be found.

5. Defendant, Oracle Corporation's Long Term Disability Plan 505 (the "Plan"), is an employee welfare benefit plan doing business in the State of Texas, and who may be served with process by serving the Plan Administrator, Oracle Corporation, through their registered agent CSC- Lawyers Incorporating Service, 2730 Gateway Oaks Dr. Ste 100, Sacramento CA 95833, or the California Secretary of State, Corporations Section 1500 11th St., Sacramento, CA 95814, or wherever it may be found.

## II.
## JURISDICTION AND VENUE

6. This action against Hartford, Oracle, and the Plan arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

7. Benson has complied with all requirements and conditions precedent necessary for the filing of this suit.

8. Benson has exhausted the administrative remedies made available to him by Hartford and the Plan.

9. Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(1) because a substantial part of the events giving rise to this claim arose in this District and one or more of the breaches of which Benson complains occurred in this District.

10. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20024 by certified mail return receipt requested.

## III.
## STATEMENT OF FACTS

11. Benson was employed full time as a senior software consultant with the title of Senior Consultant or Senior Instructor with Oracle Corporation. He was an enrolled participant in the Oracle's employee welfare benefit Plan that included benefits for long term disability (LTD). Oracle's Plan Number 505 was its Basic Long Term Disability Plan.

12. Hartford was the insurer for the Plan providing insurance for LTD benefits. In that regard, it issued a certificate of insurance providing group long term disability insurance coverage for eligible Oracle employees. This disability insurance was intended to provide "income protection" in the event the covered employee became disabled as a result of an accidental bodily injury, sickness or pregnancy. Benson was an eligible employee. Hartford was also the Claims Administrator for the Plan.

13. Hartford's policy defined total disability as, among other things, a condition in which the beneficiary is "prevented . . . from performing the essential duties of your occupation" during the first 24 months of disability, commonly known as "own occupation" disability. After the first 24 months of disability, continued disability is defined as being "prevented from performing the essential duties of any

occupation for which you are qualified by education, training, or experience", commonly referred to as the "any occupation" period of disability.

14. In May 2000, Benson was no longer able to continue working for Oracle. He suffered from, among other things, Systemic Lupus. Benson applied for LTD benefits. Hartford approved Benson's LTD claim and began paying disability benefits in August 2000.

15. In 2001, Benson was awarded Social Security disability benefits because of his disabling condition. In October of 2001, Benson paid Hartford $18,367.53 for its overpayment of disability benefits in light of that award.

16. In August 2002, the Plan's definition of disability changed from "own occupation" to "any occupation". Benson continued to qualify for LTD benefits because he was disabled from performing the essential duties of any occupation for which he was qualified by education, training, or experience. Annual reports were provided by Benson on his health condition as requested by Hartford.

17. In January of 2009, Hartford engaged its Special Investigation Unit (SIU) to investigate Benson and particularly whether he was engaged in gainful employment or otherwise was receiving "Other Income Benefits" for which Hartford would be entitled to an offset. That investigation concluded Benson was not engaged in any gainful employment nor was he receiving offsetting "Other Income Benefits."

18. Hartford instead used its investigation to revisit Benson's health condition, and concluded he no longer qualified as disabled under the "any occupation" definition of disability. His disability benefits were thus terminated by letter dated October 20, 2009.

19. On April 19, 2010, Benson appealed the termination of his disability benefits. With that appeal, Benson pointed out errors in Hartford's termination decision requesting reinstatement of his benefits.

20. On August 31, 2010, 134 days following Benson's appeal, Hartford affirmed the termination of disability benefits. In doing so, it confirmed documentation submitted supported his disabling medical condition, but asserted it "no longer corroborates that he continues to satisfy the policy definition" of disability.

21. With Benson's appeal, he exhausted his administrative remedies under the policy.

22. As a non-exclusive list, in reviewing Benson's claims, the Defendants:
    a. Failed to provide or conduct a full and fair review;
    b. Failed to provide a complete copy of the claim file;
    c. Disregarded evidence of Benson's disability;
    d. Ignored or failed to consider documented medical evidence supporting his disability;
    e. Failed to consider the results of functional capacity evaluations;
    f. Failed to consider the Social Security Award, and the factual basis for that award;
    g. Failed to have the medical evidence submitted reviewed by an appropriate and unbiased medical professional prior to terminating Benson's claim;
    h. Failed to have the evidence reviewed by competent and non-biased third-party
    i. Terminated Benson's benefits without substantial evidence to support its decision;

    j.    Failed to apply the terms of the policy as written;

    k.    Failed to follow its own internal claims administrative rules and guidelines;

    l.    Failed to advise Benson of the necessary information to support his claim for disability benefits;

    m.    Terminated Benson's benefits in order to enhance its profits notwithstanding Benson's continued disability.

23. Hartford's status reflects a structural conflict of interest. Its claims handling conduct and procedural irregularities reflect an actual conflict of interest.

## IV.
## COUNT ONE

24. Hartford's termination of disability payments to Benson was in direct violation of the terms of the policy and the Plan.

25. Hartford's termination of disability payments to Benson constitutes a breach of the terms and provisions of the Hartford policy and the Plan.

26. Hartford failed to properly and thoroughly investigate Benson's claim in a manner required by ERISA's fiduciary and claims procedure requirements.

27. Benson seeks to recover the disability benefits denied, and reinstatement on claim for benefits for so long as he remains disabled pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). Benson also seeks to recover both prejudgment and post-judgment interest.

28. In addition, Benson seeks to recover his reasonable attorneys fees incurred and to be incurred together with his costs pursuant to ERISA §502(g), 29 U.S.C. §1132(g).

# V.
# COUNT TWO

29. ERISA §404(a)(1)(D), 29 U.S.C. §1104(a)(1)(D) requires Hartford and the Plan to act in accordance with the documents and instruments governing the policy as well as applicable law and regulations.

30. Hartford and the Plan breached their fiduciary duties by, among other things:

    a. Failing to comply with the claims and appeals regulations of 29 C.F.R. §2560.503.1 while acting as claim fiduciaries;

    b. Exhibiting an improper bias in the administration of Benson's claim, seeking to find any reason to terminate his claim for disability insurance benefits;

    c. Disregarding and selectively reviewing the medical evidence and the evidence provided by Benson so as to find a basis to justify a preconceived plan to terminate Benson's benefits;

    d. Creating an adversarial claims process;

    e. Failing to fulfill its fiduciary obligation to provide higher-than-marketplace quality standards and to discharge their duties solely in the interests of the participants and beneficiaries; and

31. ERISA §409(a), 29 U.S.C. §1109(a) provides that any fiduciary who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by ERISA shall be personally liable to make good to such plan any losses to the plan resulting from each such breach and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

32. ERISA §502(a)(2)-(3), 29 U.S.C. §1132(a)(2)-(3) permit a participant to bring a suit for appropriate relief under ERISA §409(a), 29 U.S.C. §1109(a).

33. Pursuant to ERISA §502(a)(2)-(3), 29 U.S.C. §1132(a)(2)-(3), Benson brings this claim against Hartford and the Plan for all available relief.

34. In addition, Benson seeks to recover his reasonable attorneys fees incurred and to be incurred together with his costs pursuant to ERISA §502(g), 29 U.S.C. §1132(g).

## V.
## COUNT THREE

35. ERISA §502(c)(1), 29 U.S.C. §1132(c)(1) prohibits the withholding of certain information requested by a plan participant.

36. Defendants failure to timely respond to Benson's request for relevant information and documents violated ERISA §502(c)(1), 29 U.S.C. §1132(c)(1) entitling Benson to the statutory penalty for such failure at the maximum rate permitted.

## IV
## RELIEF REQUESTED

37. Benson requests the Court, upon a final hearing in this action, enter judgment in his favor and against Defendants on all counts asserted in this action, including a money judgment for the past due disability benefits;

38. Reinstatement of Benson on claim for so long as he remains disabled or alternatively, acceleration of future benefits awarding the present value of such benefits;

39. Prejudgment and post judgment interest;

40. Attorneys fees and costs, including expert fees; and

41. Any other and further relief the Court deems appropriate.

                                  Respectfully submitted,

                              By: _____
                                  James C. Plummer, TBA #16075700
                                  Federal I.D. No. 3692
                                **PLUMMER & KUYKENDALL**
                                  4203 Montrose Boulevard, Suite 270
                                  Houston, Texas 77006
                                  (713) 522-2887
                                  (713) 522-3605 (Fax)
                                  jplummer@plummerlawyers.com

                              ATTORNEY-IN-CHARGE FOR PLAINTIFF
                              DOUGLAS ARTHUR BENSON

OF COUNSEL:
Amar Raval, TBA #24046682
Federal I.D. No. 619209
Plummer & Kuykendall
4203 Montrose Boulevard, Suite 270
Houston, Texas 77006
(713) 522-2887
(713) 522-3605 (Fax)
araval@plummerlawyers.com